J-S69007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: N.G., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: N.G. | : | No. 287 EDA 2015 |

Appeal from the Dispositional Order January 9, 2015
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-0002891-2014

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED MARCH 09, 2016**

Appellant, N.G., appeals from the dispositional order entered in the Philadelphia County Court of Common Pleas, following her adjudication of delinquency for aggravated assault.[1]  We affirm the dispositional order.

The relevant facts and procedural history of this case are as follows. On or about October 13, 2014, A.C. ["Victim"] encountered Appellant and Appellant's older sister, C.G., at Conrad Square in Philadelphia.  Appellant and C.G. confronted Victim because Victim's brother had made fun of Appellant.  C.G. yelled at Victim and tried to get Victim to fight.  Instead of fighting, Victim went to get her mother to help resolve the situation.  When Victim's mother arrived, C.G. and Victim's mother engaged in a verbal altercation.  After the verbal altercation between C.G. and Victim's mother ended, Victim believed the situation had been resolved.  Appellant, however, then yelled at Victim and challenged Victim to a fight.  Victim tried to walk

_____

[1] 18 Pa.C.S.A. § 2702(a)(1).

away, but Victim and Appellant began fighting after Appellant grabbed Victim's hair. During the fight, Victim and Appellant ended up on the ground with Appellant on top of Victim. Appellant subsequently smashed Victim's head into the pavement repeatedly, which caused Victim to lose consciousness. Several adults pulled Appellant off Victim, and an ambulance transported Victim to the hospital.

On November 4, 2014, the Commonwealth filed a petition to adjudicate Appellant delinquent for the offenses of recklessly endangering another person ("REAP"), simple assault, and aggravated assault. In the delinquency petition, the Commonwealth graded the aggravated assault as a second-degree felony ("aggravated assault—F2"); however, the description of the offense used the language for aggravated assault graded as a first-degree felony ("aggravated assault—F1"). On January 9, 2015, the court held an adjudication hearing. Following the hearing, the court adjudicated Appellant delinquent of aggravated assault—F1 and sentenced Appellant to probation until further court order. On January 20, 2015, Appellant timely filed a notice of appeal. On March 11, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on April 6, 2015.

Appellant raises the following issues for our review:

WAS NOT THE EVIDENCE INSUFFICIENT TO ADJUDICATE [APPELLANT] OF AGGRAVATED ASSAULT AS A FELONY OF THE SECOND DEGREE, AS CHARGED AS THERE WAS NO

- 2 -

WEAPON INVOLVED AND [VICTIM] WAS NOT A SPECIAL VICTIM UNDER [18 PA.C.S.A. § 2702(C)]?

WAS NOT THE EVIDENCE INSUFFICIENT TO ADJUDICATE [APPELLANT] OF ANY OFFENSE WHERE THE COMPLAINING DOCUMENT CHARGED AN ASSAULT ON OCTOBER 13, 2014 WHILE THE WITNESSES TESTIFIED VARIOUSLY THAT WHAT HAPPENED OCCURRED ON OCTOBER 14 OR OCTOBER 15, 2014?

(Appellant's Brief at 2).

For purposes of disposition, we combine Appellant's issues. Appellant argues the Commonwealth failed to prove the necessary elements to adjudicate Appellant delinquent of aggravated assault—F2 under 18 Pa.C.S.A. §§ 2702(a)(3), (a)(4), (a)(5), (a)(6), (a)(7), or (a)(8). Appellant avers Victim does not qualify as a Section 2702(c) special victim as necessary to adjudicate Appellant delinquent of aggravated assault—F2 under Sections 2702(a)(3), (a)(6), or (a)(7). Appellant also claims the Commonwealth failed to prove Appellant used a deadly weapon during the assault as necessary to adjudicate Appellant delinquent of aggravated assault—F2 under Section 2702(a)(4). Appellant further asserts that Victim does not qualify as a teacher, school board member or other employee as necessary to adjudicate Appellant delinquent of aggravated assault—F2 under Section 2702(a)(5). Appellant finally contends Victim is not under six years of age as necessary to adjudicate Appellant delinquent of aggravated assault—F2 under Section 2702(a)(8). Appellant also argues the Commonwealth failed to prove the facts asserted in the delinquency petition

because the date of the incident differed between the delinquency petition and the testimony presented at the adjudication hearing. For these reasons, Appellant concludes the evidence was insufficient to support her adjudication of delinquency for aggravated assault—F2, and this Court should vacate Appellant's adjudication of delinquency. We disagree.

A challenge to the sufficiency of the evidence implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Crimes Code defines aggravated assault as follows:

- 4 -

## § 2702.  Aggravated assault

**(a) Offense defined.**—A person is guilty of aggravated assault if [s]he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstance manifesting extreme indifference to the value of human life;

(2) attempts to cause or intentionally, knowingly, or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;

(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

(5) attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member, school board member or other employee, including a student employee, of any elementary or secondary publicly-funded educational institution, any elementary or secondary private school licensed by the Department of Education or any elementary or secondary parochial school while acting in the scope of his or her employment or because of his or her employment relationship to the school;

(6) attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the

performance of duty, in fear of imminent serious bodily injury;

(7) uses tear or noxious gas as defined in section 2708(b) (relating to use of tear or noxious gas in labor disputes) or uses an electric or electronic incapacitation device against any officer, employee or other person enumerated in subsection (c) while acting in the scope of his employment;

(8) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to a child less than six years of age, by a person 18 years of age or older; or

(9) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a child less than 13 years of age, by a person 18 years of age or older.

**(b) Grading.**—Aggravated assault under subsection (a)(1), (2) and (9) is a felony of the first degree. Aggravated assault under subsection (a)(3), (4), (5), (6), (7) and (8) is a felony of the second degree.

18 Pa.C.S.A. § 2702(a)-(b). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

"Indictments must be read in a common sense manner and are not to be construed in an overly technical sense." *Commonwealth v. Ohle*, 503 Pa. 566, 588, 470 A.2d 61, 73 (1983). The purpose of an indictment is to provide the accused with sufficient notice to prepare a defense, and to insure that he will not be tried twice for the same act. *Commonwealth v. Conaway*, 105 A.3d 755, 764 (Pa.Super. 2014), *appeal denied*, __ Pa. __,

118 A.3d 1107 (2015). "[A] variance is not fatal unless it could mislead the defendant at trial, involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, precludes the defendant from anticipating the prosecution's proof or impairs a substantial right." *Ohle, supra* at 589, 470 A.2d at 73. Importantly, the Commonwealth does not need to prove that the crime occurred on the date alleged in the indictment, except where the date is an essential issue in the case. *Commonwealth v. Young*, 561 Pa. 34, 64, 748 A.2d 166, 182 (1999).

Instantly, the description of the offense in Appellant's delinquency petition stated, "the offender did intentionally cause/attempt to cause serious bodily injury to the complainant, A.C…." (*See* Delinquency Petition, filed 11/4/14, at 1). This language mirrors the language for aggravated assault—F1 under Section 2702(a)(1), and put Appellant on notice that the Commonwealth planned to adjudicate her of aggravated assault—F1, despite the aggravated assault—F2 designation in the delinquency petition. *See* 18 Pa.C.S.A. § 2702(a)(1). Additionally, the trial court's opinion cited the language of aggravated assault—F1 when it explained its decision to adjudicate Appellant delinquent of aggravated assault—F1. Under these circumstances, Appellant knew that the Commonwealth sought an adjudication of delinquency for aggravated assault—F1 and that the trial court did, in fact, adjudicate Appellant delinquent of aggravated assault—F1. Thus, the record belies Appellant's assertion that her adjudication of

delinquency was for aggravated assault—F2.

Further, the minor discrepancy over the date of the incident did not prejudice Appellant's preparation of her defense. The delinquency petition stated the offense occurred on October 13, 2014, while the witnesses at the adjudication hearing testified the offense occurred on October 14 or 15, 2014. Nevertheless, Appellant presented the eyewitness testimony of her older sister, C.G., who was present at the fight between Appellant and Victim. The presentation of this testimony demonstrated Appellant's awareness of the allegations against her and the incident from which those allegations stemmed. Appellant's actions also established that Appellant was not surprised or misled at the adjudication hearing by the date variance. **See Ohle, supra**. Additionally, Appellant does not allege that the date of the offense is an essential issue in her case. **See Young, supra.** Thus, the date discrepancy is not dispositive of Appellant's sufficiency of the evidence claim.

In any event, the testimony at the adjudication hearing established that Appellant challenged Victim to a fight and threatened to find Victim alone if Victim refused to fight. Additionally, Victim and Victim's mother both testified that Appellant repeatedly smashed Victim's head into the ground during the fight. Both parties also testified that Appellant's actions knocked Victim unconscious and Victim required hospitalization as a result. Victim's mother further stated that it took three adults to pull Appellant off

Victim, even though Victim was unconscious. The court determined these circumstances established Appellant's intent to inflict serious bodily injury to Victim. Thus, sufficient evidence existed to support Appellant's adjudication of delinquency for aggravated assault—F1, and Appellant's issues on appeal merit no relief. *See* 18 Pa.C.S.A. § 2702(a)(1). Accordingly, we affirm.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2016